# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0914 |
| | : | |
| MARK KEARNEY, | : | |
|     Defendant. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                                **FEBRUARY 24, 2020**

*Pro se* Plaintiff Amro Elansari has filed this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] against Judge Mark Kearney[2] of this Court, raising claims predicated upon Judge Kearney's rulings in Elansari's previously filed cases, *Elansari v. Jagex, Inc.*, Civ. A. No. 19-3006, and *Elansari v. Jagex, Inc.*, Civ. A. No. 20-423. Elansari has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as legally frivolous.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On July 10, 2019, Elansari sued Jagex, Shanghai Fukong Interactive and others based on allegations that, while playing a video game operated by those Defendants, he was "muted" without being given an explanation, allegedly in violation of his due process and other rights. *See Elansari v. Jagex*, E.D. Pa. Civ. A. No. 19-3006. Judge Kearney, the presiding judge in that

---

[1] Although Elansari primarily cites 42 U.S.C. § 1983 as the basis for his claims, the Court will construe the Complaint as having been brought pursuant to *Bivens* because the Defendant is a federal actor, not a state actor.

[2] The Complaint erroneously refers to the Judge as "Martin Kearney."

case, granted Elansari leave to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a plausible federal claim for violation of Elansari's constitutional rights. *Id.* (ECF Nos. 4 & 5.) Judge Kearney dismissed the federal claims with prejudice and dismissed any state law claims without prejudice. (ECF No. 5.)

Elansari appealed the dismissal of his Complaint to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed the dismissal of Elansari's claims without amendment. *See Elansari v. Jagex Inc.*, 790 F. App'x 488, 489 (3d Cir. 2020) (per curiam). On appeal, Elansari alleged for the first time that the Defendants' conduct also violated Title II of the Civil Rights Act of 1964. *Id.* at 489-90. The Third Circuit declined to entertain that claim because "[e]ven generously construing Elansari's complaint to raise a claim of public accommodations discrimination and assuming that Elansari can bring such a claim in this context, at no point either in the District Court or on appeal ha[d] Elansari alleged losing access to Jagex's online game due to discrimination based on any of the grounds protected by Title II." *Id.* at 490.

Two days after the Third Circuit issued its opinion, Elansari filed his second civil action against Jagex and Shanghai Fukong Interactive. *See Elansari v. Jagex*, Civ. A. No. 20-423. In his second lawsuit, Elansari raised claims pursuant to Title II based on having been muted from the game, which was the same subject matter underlying his first lawsuit. Elansari claimed he was subjected to "unequal treatment" without explanation so he had "no other option but to presume unequal treatment is on the basis of race, religion, culture" in violation of Title II. *Id.* (ECF No. 2 at 3.) Judge Kearney granted Elansari leave to proceed *in forma pauperis* and dismissed his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Elansari's claims were barred by *res judicata* and were not plausible

because they were admittedly based on speculation. *Id.* (ECF No. 5.) Elansari has appealed Judge Kearney's decision to the Third Circuit.

On the same day he filed his appeal, Elansari initiated the instant civil action.[3] Elansari's entire Complaint is predicated on allegations that Judge Kearney misapplied the law in his cases against Jagex.[4] Elansari claims that Judge Kearney's handling of his cases caused damage to him and "the integrity of American law." (Compl. ECF No. 2 at 2.) Elansari seeks various relief, including an apology, Judge Kearney's removal from the bench, and an order permitting his litigation against Jagex to proceed.

---

[3] This is the twelfth case Elansari has filed in this Court since September 2018, nine of which were filed in approximately seven months. *See Elansari v. Jagex*, Civ. A. No. 20-423 (dismissed on screening); *Elansari v. Ramirez*, Civ. A. No. 19-6198 (dismissed as legally frivolous); *Elansari v. Phila. Municipal Ct.*, Civ. A. No. 19-6197 (dismissed as legally frivolous); *Elansari v. Ruest*, Civ. A. No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening); *Elansari v. Altria*, Civ. A. No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening); *Elansari v. Jagex, Inc.*, Civ. A. No. 19-3006 (dismissed on screening); *Elansari v. Passhe*, Civ. A. No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, Civ. A. No. 19-3003 (dismissed on screening for lack of jurisdiction); *Elansari v. Savage*, Civ. A. No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, Civ. A. No. 19-786 (dismissed on screening); *Elansari v. Golf Club Apartments*, Civ. A. No. 18-4171 (dismissed for failure to prosecute).

[4] As is unfortunately typical of Elansari's filings, the Complaint is replete with inappropriate language and derogatory comments. *See Elansari v. Tinder, Inc.*, 784 F. App'x 114, 114 n.1 (3d Cir. 2019) (per curiam) ("Elansari's appellate brief includes profanity, as well as offensive and derogatory comments directed at the presiding District Judge and other members of the federal judiciary. Although this inappropriate content has not affected our disposition of this appeal, we caution Elansari that he could face sanctions in this Court if he includes similar content in future filings."); *Elansari v. Philadelphia Mun. Court*, Civ. A. No. 19-6197, 2020 WL 61264, at *1 (E.D. Pa. Jan. 6, 2020) (observing that Elansari's "allegations are laced with irrelevant and inappropriate profane language and obscenities"); *Elansari v. Ruest*, Civ. A. No. 19-CV-3609, 2019 WL 3936358, at *1 (E.D. Pa. Aug. 19, 2019) ("Elansari's allegations are laced with profane language and obscenities that are neither relevant to his case nor appropriate.").

## II. STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Even assuming the existence of a *Bivens* remedy here, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), Elansari's claims fail because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Because the factual basis for Elansari's lawsuit is Judge Kearney's rulings in his cases against Jagex, Judge Kearney is entitled to absolute judicial immunity from these claims. In any event, this Court is without authority to remove a judge from the bench.

Elansari also cites the Federal Tort Claims Act ("FTCA") as the basis for his claims. "The FTCA waives the federal government's sovereign immunity with respect to tort claims for money damages." *Baer v. United States*, 722 F.3d 168, 172 (3d Cir. 2013); *see also* 28 U.S.C. § 1346(b). However, "[t]he discretionary function exception limits that waiver, eliminating

jurisdiction for claims based upon the exercise of a discretionary function on the part of an employee of the government" even if the employee is alleged to have abused his discretion. *Baer*, 722 F.3d at 172; *see also* 28 U.S.C. § 2680(a). Furthermore, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). For these reasons, there is no legal basis for a FTCA claim either against Judge Kearney or based on Judge Kearney's exercise of discretion in how he handled Elansari's cases.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous. Elansari will not be permitted to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).